UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

WINDY LUCIUS,

     Plaintiff,

v.

KABOOKI SUSHI LLC
and KABOOKI SUSHI II LLC

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius hereby sues Defendant Kabooki Sushi LLC and Defendant Kabooki Sushi II LLC for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1.     Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*

28 U.S.C. § 2201 and § 2202.

3.     Plaintiff Windy Lucius ("Plaintiff") is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.     Plaintiff  uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. She brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.     Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their

mobile websites are in compliance with the ADA.

6.     There are two upscale Japanese sushi restaurants located within the district which are operating under the brand (name) "Kabooki Sushi." Both Kabooki Sushi (brand) restaurants are open to the public, therefore each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). These Kabooki Sushi restaurants are referenced herein as "place(s) of public accommodation," "Kabooki Sushi restaurant(s)," or "restaurant(s).

7.     Defendant Kabooki Sushi LLC (also referenced as "Defendant Kabooki LLC," or collectively with Defendant Kabooki II LLC as "Defendants") is a Florida limited liability company which is the owner and operator of the Kabooki Sushi restaurant which is located at  3122 East Colonial Drive, Orlando, Florida 32803 (the "East Colonial" location). Defendant Kabooki LLC is defined as a "Public Accommodation" within meaning of Title III because Defendant Kabooki LLC is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

8.     Defendant Kabooki Sushi II LLC (also referenced as "Defendant Kabooki II LLC," or collectively with Defendant Kabooki LLC as "Defendants") is

a Florida limited liability company which is the owner and operator of the second Kabooki Sushi restaurant, which located at 7705 Turkey Lake Road, Orlando Florida 32819 (the "Sand Lake" location). Defendant Kabooki II LLC is defined as a "Public Accommodation" within meaning of Title III because Defendant Kabooki II LLC is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

9.     On information and belief, subsequent to the effective date of the ADA, Defendants Kabooki II LLC and Kabooki LLC jointly constructed, or caused to be constructed, the https://www.kabookisushi.com mobile website ("mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Defendants Kabooki II LLC and Kabooki LLC's respective Kabooki Sushi restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the Kabooki Sushi physical restaurant locations.

10.     The mobile website is offered by Defendants as a way for the public to become familiar with Kabooki Sushi menu selections, as well as the East Colonial and Sand Lake restaurant locations and information on the respective hours of operation. The mobile website provides a link to reserve a table for dining within

each of the restaurants and provides other information the Defendants seek to communicate to the public.  The mobile website also enables the public/patrons to purchase gift cards online, and to inquire about private events at each of the restaurants as well as to inquire about catering Kabooki Sushi food at off-site locations. By the provision of menu selections, reservation services, the ability to purchase gift cards online, and the ability to inquire about special events and catering, the mobile website is an integral part of the goods and services offered by Defendants. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §36.104.

11.    Defendants' mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.  As such, Defendants have subjected themselves to the ADA because their mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from their brick-and-mortar restaurant locations, each of which is a place of public accommodation. As a result,

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

Defendants' mobile website must interact with its restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[2]

12.     Defendants' mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

13.     Like the seeing community, Plaintiff would like the opportunity to be able to use and test Defendant's mobile website to comprehend Kabooki Sushi restaurant menu selections and test for the ability to make reservations to dine in the East Colonial and Sand Lake restaurant locations, to test for the ability to purchase gift cards and to inquire about catering and special events online. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to Defendants' mobile website.

14.     Plaintiff is continuously aware of the violations on Defendants' mobile website and is aware that it would be a futile gesture to attempt to utilize Defendants'

---

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

15.    Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to their mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

16.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practice.

17.    Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18.    Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## <u>COUNT I – VIOLATIONS OF TITLE III OF THE ADA</u>

19.    The ADA requires that Public Accommodations (and Places of Public

Accommodation) ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

21.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

23.     Defendants' mobile website has been designed to integrate with its East Colonial and Sand Lake restaurant locations through provision of a reservation

service, the ability to purchase gift cards (for use at the restaurants) online, and the provision of elements to inquire about special events and catering through the mobile website. Therefore, the mobile website is an extension of each of the Defendants respective Kabooki Sushi restaurants. By and through their mobile website, Defendants have extended their East Colonial and Sand Lake restaurants into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of each Defendant's respective Place of Public Accommodation. As such, their mobile website is integrated with, and is a nexus to, their respective brick-and-mortar restaurant.  Therefore, it is governed by the following provisions:

a.     U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.     42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges,

advantages, or accommodations of an entity[.]"

       c.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

       d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

       e.    42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

       f.    42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding

the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.    42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

    24.    Plaintiff attempted to access and test Defendants' mobile website, but was unable to do so successfully. Plaintiff continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen

reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.   Guideline 1.3.1 Info and Relationships is violated.  Each icon and chevron in the *Make a Reservation widget* receives focus, but the widgets are not labeled. For example, each of the chevrons are announced as "m."

ii.  Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this is violated. There are multiple issues with the menu PDFs and  multiple hidden and unlabeled images are announced. For example "Raw image" is announced five times although an image is not visible onscreen. In addition, the menu content is announced out of order. For example, after the *Sushi Rolls* heading is announced, focus moves to the *Nigri* section heading, and focus then moves to the disclaimer in the footer. Following, focus moves to the content in the *Sushi Rolls* section and all of the content is announced at once. This prevents mobile VoiceOver screen reader software users from easily swiping back to hear a prior menu item. If mobile VoiceOver screen reader software users need to hear the last dish in the section again, the  user must repeat the entire section and wait until the last dish is announced.

iii. Guideline 2.4.3 Focus order is violated. The mobile website is required to provide focus in a logical order, and this has been violated. For example, mobile VoiceOver screen reader software users are unable to select a date in the *reservation* popup. After opening the date picker, the *back* button and *month* are announced. Instead of announcing dates in the date picker, focus moves to elements on the underlying page and that content is announced. Mobile VoiceOver screen reader software users do not hear the dates in order to complete a reservation; instead, they hear elements such as the *reservation time* button.

iv.  Guideline 2.4.4 Link purpose (in context) is violated, and unlabeled links are present. For example, The *cart* icon on the Private Events page is not labeled correctly. The announcement states "private events catering link end banner" therefore mobile VoiceOver screen reader software users are not aware that focus is at the *cart* icon.

v.    Guideline 3.3.2 Labels or Instructions is violated.  For example, each of the social media icons are announced only as "Kabooki Sandlake Link."

vi.    Guideline 3.3.3 Error Suggestion is violated. All elements must be built for accessibility and this is not the case. After a mobile VoiceOver screen reader software user submits the *Private Events* form, "Fill out this field" is announced, but the name of the field is not announced. While visual cues are present, none of the visual updates are announced; therefore mobile VoiceOver screen reader software users do not hear which field must be filled out.

25.    As the owners and/or operators of the Kabooki Sushi restaurant mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to their mobile website and the content therein, including the ability to make a reservation to dine within the East Colonial and Sand Lake restaurant locations, purchase Kabooki Sushi gift cards online and to inquire about hosting private events at Kabooki Sushi restaurants.

26.    In this instant case, Defendant's mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to the third party vendor's reservation platform does not absolve Defendant of culpability.  Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing,

or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

27.     With respect to their mobile website, Defendants have violated the ADA by failing to interface their mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in their joint and several denial of accommodation to Plaintiff in the basis of her disability:

a.     by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b.     in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

14

c.      in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d.      by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

e.      by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

f.      notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

g.      by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications

would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.    by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

28.    Plaintiff is continuously aware of the violations within Defendants' mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

29.    Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because she is disabled.  As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within Defendants' mobile website. By continuing to operate their mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and

segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the general public. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

30.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

31.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to their mobile website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant when she visits the website to test for compliance with the ADA. Plaintiff desires to access the mobile website to test the mobile website in order to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this mobile website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

32.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated

will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter their mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Kabooki Sushi LLC and Defendant Kabooki Sushi II LLC and requests the following injunctive and declaratory relief:

a.     The Court issue a Declaratory Judgment that determines that Defendants' mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b.     The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c.     The Court issue an Order directing Defendants to alter their mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d.     The Court issue an Order directing Defendants provide the appropriate

auxiliary aids such that individuals with visual impairments will be able to effectively communicate with their mobile website for purposes of comprehending Defendants' Kabooki Sushi menu selections, making reservations, ordering/paying for gift cards, and inquiring about private events and catering, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through Defendants' mobile website.

e.     The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f.     The Court enter an Order directing Defendants to continually update and maintain their mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.     The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.   The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 7, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com